# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILIP SWABY | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-15-2657 |
| | | Criminal No. RDB-11-0607 |
| UNITED STATES OF AMERICA | * | (Related Civil Action No. WDQ-15-857) |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Background information is critical to resolution of this Petition, filed as a Motion to Vacate by Philip Swaby. For reasons set forth herein, Swaby's Petition shall be construed as a Petition for Writ of Coram Nobis and DENIED.

### Procedural History

On June 6, 2013, Swaby pleaded guilty to trafficking in counterfeit goods and aiding and abetting, and was sentenced by the Honorable William D. Quarles, Jr., to 364 days of imprisonment, three years of supervised release, and restitution in the amount of $14,220. *United States v. Swaby,* Criminal No. RDB-13-0607 (D. Md.). Swaby did not file an appeal or collateral attack on this conviction or sentence, which was completed in June of 2014.

On March 24, 2015, Swaby through counsel filed a Petition for Writ of Coram Nobis pursuant to 28 U.S.C. §1651. Swaby claimed that his guilty plea was induced by the ineffective assistance of counsel federal and that counsel's advice concerning the collateral consequences of his plea was relied upon to his detriment.

The crux of that ineffective assistance claim rested on Swaby's argument that counsel failed to realize that the amount of restitution involved in the crime to which Swaby pleaded guilty was sufficient to trigger deportation proceedings against him. As a result of his plea, an immigration detainer was lodged against him by the Department of Homeland Security. *See Swaby v. United States of America,* Civil Action No. WDQ-15-857 (D. Md.), ECF 1; *see also*

*United States v. Swaby*, Crim. No. RDB-11-0607 (D. Md.), ECF No. 63. The Petition was dismissed on the merits in an August 24, 2015, Memorandum Opinion and Order. *See Swaby v. United States of America,* Civil Action No. WDQ-15-857, ECF Nos. 13 and 14. To date, no appeal has been filed regarding the denial of the coram nobis action.

On September 9, 2015, Swaby filed the instant action, captioned as a Motion to Vacate pursuant to 28 U.S.C. § 2255. In this uncounseled Motion, he presents essentially the same claim of ineffective assistance set forth in his Petition for Writ of Coram Nobis. Swaby also requests appointment of counsel. *Swaby v. United States of America,* Civil Action No. RDB-15-2657 (D. Md.). As the issue of ineffective assistance has been adjudicated by way of coram nobis proceedings, the latest attack on the guilty plea permits this Court to examine whether relief should be denied or whether the ends of justice requires inquiry into the merits of the claim.[1] 28 U.S.C.A. § 2244(b)(3)(A).

**Standard of Review**

Regardless of the label used by Swaby, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Because he no longer is in custody pursuant to his conviction,[2] Swaby's Motion cannot be proceed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Instead, it must be construed as a common law writ of error coram nobis. Such writs are authorized by 28 U.S.C. §1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." These common law writs are extraordinary remedies and allowed under only compelling circumstances to "achieve

---

[1] To the extent Swab's claim lies generally in the nature of habeas corpus, res judicata is inapplicable in habeas cases. *See Sanders v. United States,* 373 U.S. 1, 7-8 (1963).

[2] Although he has completed his federal sentence, Swaby currently is detained at the Farmville Detention Center in Farmville, Virginia, apparently as a result of the immigration detainer. The validity of that detainer and any ensuing deportation proceedings are not at issue here. *Id.*

justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511, 512-513 (1954).

## Analysis

A petition for writ of coram nobis is an ancient common-law remedy "designed to correct errors of fact." *United States v. Denedo*, 556 U.S. 904, 910 (2009) (internal quotation marks omitted). This writ is a remedy of last resort that provides relief where "there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks omitted). To success, a petitioner must show that a more usual remedy is not available, that valid reasons exist for not attacking the conviction earlier, that adverse consequences exist sufficient to satisfy the case or controversy requirement of Article III, and that the error is of the most fundamental character. *Id.,* quoting *Hirabayashi v. United States,* 828 F.2d 591, 04 (9th Cir. 1987).

In examining the first coram nobis Petition, Judge Quarles found Swaby barred from filing a motion to vacate pursuant to 28 U.S.C. § 2255, because he no longer was in custody. The Court further found that Swaby had no reason to attack the conviction earlier, because he was not detained by immigration officials until November of 2014; and that the risk of deportation is an adverse consequence of conviction sufficient to create a case or controversy. The Court then examined whether Swaby's conviction was obtained due to ineffective assistance of counsel, under the standard of review set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

The issue raised in the instant Petition – essentially a claim of ineffective assistance of counsel - was addressed on the merits in Swaby's prior coram nobis proceeding. Swaby presents no additional facts and points to no change in the law sufficient to overturn Judge Quarles'

earlier determination. Thus, the instant Motion to Vacate, construed as a Petition for Writ of Coram Nobis, shall be denied. A separate Order follows.


September 18, 2015                              _____/s/_____
                                                               RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE